(134 So. 626)

### SWIFT & CO. v. PAYNE.
### 6 Div. 640.

Supreme Court of Alabama.

May 14, 1931.

Fitts, Boyle & Fitts, of Birmingham, for appellant.

Lipscomb & Lipscomb, of Bessemer, for appellee.

SAYRE, J.

Appellee brought his suit against appellant alleging that on "the 19th day of August, 1929, plaintiff was in the employment of the town of Lipscomb, as policeman, and as such policeman it was his duty to go to various parts of the town of Lipscomb, and on said date he had gone to the intersection of the Woodward Red Ore Road and the Birmingham-Bessemer Highway, in the said town of Lipscomb, on a motorcycle belonging to the said town of Lipscomb, and on said date, while he was proceeding along the public highway of the said town of Lipscomb, to-wit, the Birmingham-Bessemer highway at the intersection of Woodward Red Ore Road, on said business for the said town of Lipscomb, the motorcycle on which he was riding came in contact with an automobile truck operated by a servant, agent or employee of the defendant, acting within the line and scope of the duty of his employment as such agent of the defendant, the collision occurred at or near the intersection of the Birmingham-Bessemer highway and the Woodward Red Ore road in the town of Lipscomb, as the result of said collision, plaintiff's body was bruised," etc., describing his injuries, and alleging that they were "proximately caused by the negligence of the servant, agent, or employee of the defendant then and there in charge of said truck for the defendant, and acting within the line and scope of his duty in the employment of defendant in this; the said agent, servant or employee negligently oper-

ated said automobile truck at the time and place of the collision."

Plaintiff's version of the accident in which he was injured was that he, riding a motorcycle at a moderate rate of speed, ran into defendant's truck as the latter, unexpectedly and negligently, turned out from behind a car parked on the left of the highway as plaintiff was moving. Defendant's driver in charge of the truck at the time testified to the effect, in general, that, after looking out and seeing his way clear, he turned out from behind the car parked ahead of him and on the right of the highway as he was moving, and then that plaintiff, moving at the rate of about forty miles an hour, ran into defendant's truck causing his own injuries, or, at least, negligently contributing thereto.

The court, on defendant's request, gave charges numbered 3, 4, 5, 6, 8, 9, and 10, among others. Jury returned a verdict for defendant, after which the court, on plaintiff's motion, set aside the verdict and granted a new trial "because of error in giving certain written charge [sic] at defendant's request." We have no brief for appellee. Appellant's argument is devoted to a justification of the charges enumerated, and we are left to infer that they present no question of law at issue between the parties.

Plaintiff was a police officer of the town of Lipscomb, and his duty of patrol required that he should be mounted upon a motorcycle. As bearing upon the propriety of the charges in question, we quote from the bill of exceptions, which shows the following as a part of plaintiff's testimony; the witness speaking of his employment at the time immediately preceding the collision in which he was injured:

"Q. Someone reported to you that your house was on fire? A. No, sir.

"Q. Didn't you start home? A. I had started home to dinner, yes, sir.

"Q. What time was this? A. About 1:20.

"Q. But you know you were going home? A. I was going home."

It will be conceded that plaintiff was not bound to observe the speed law if any emergency called for greater speed in the performance of his duty. The act "to provide a general system of legislation pertaining to public roads," etc. (Acts 1927, p. 348 et seq.) section 54. Section 65 provides that: "The driver of a vehicle [including motorcycles, section 47 of the act] upon a highway shall yield the right of way to police and fire department vehicles when the latter are operated upon official business and the drivers thereof sound audible signal by bell, siren or exhaust whistle. This provision shall not operate to relieve the driver of a police or fire department vehicle from the duty to drive with due regard for the safety of all persons using the highway nor shall it protect the driver of any such vehicle from the consequence of an arbitrary exercise of such right of way." It will be noted upon consideration of the statute and the evidence which has been quoted, and which was uncontradicted, except that plaintiff denied that he was moving at any excessive or unusual speed, that the rights and duties of the parties to this accident—by parties in this connection we mean plaintiff and the driver of defendant's truck—were just what they would have been had plaintiff not been an officer of the law; that is to say, plaintiff was not performing any official duty requiring unusual speed nor was he relieved of any duty of due care which would have rested upon a private citizen in the same situation. This law, in effect, was stated to the jury in the written charges given at the request of defendant and on account of which the court set aside the verdict and granted a new trial. The opinion here is that the cause was tried without error in the given charges to which we have referred and that the motion for a new trial should have been overruled. The judgment granting the motion will be reversed, and the judgment for defendant will be reinstated.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.